Opinion issued February 6, 2003










     











In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00310-CR




TRAVIS EUGENE GRIGGS, Appellant

v.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 792922



 
 
O P I N I O N
          Travis Eugene Griggs, appellant, was convicted of aggravated sexual assault. 
The jury assessed punishment at 45 years’ confinement. Appellant’s conviction was
affirmed by this Court in Griggs v. State, No. 01-99-00488-CR (Tex. App.—Houston
[1st Dist.] Nov. 24, 1999) (not designated for publication). Appellant filed a motion
requesting post-conviction DNA testing pursuant to Code of Criminal Procedure
articles 64.01-.05. See Tex. Code Crim. Proc. Ann. art 64.01-.05 (Vernon Supp.
2003). The State filed a response to appellant’s motion, as required by article 64.02. 
A hearing was held in the presence of the State and appellant’s counsel. Appellant
was not present at the hearing, and appellant’s counsel objected to his absence. The
trial court determined that there was no question of identity in the case and denied
appellant’s motion for DNA testing. We affirm. 
Issues
          In two points of error, appellant argues that the trial court erred in conducting
a final hearing regarding appellant’s post-trial DNA motion without appellant’s being
present. In his first point of error, appellant states that his federal constitutional right
to due process of law was violated because he was not present during the hearing. 
However, appellant’s first point of error, as briefed, does not address his right to due
process of law under the Fourteenth Amendment to the United States Constitution;



instead, appellant argues that his Sixth Amendment right to confrontation and cross-examination was violated.


 In his second point of error, appellant argues that his state
constitutional right to confrontation and cross-examination


 under article one, section
10 of the Texas Constitution was violated because he was not present during the
hearing. We address appellant’s points of error together.


Discussion
          The Texas Code of Criminal Procedure allows a convicted person to submit a
motion to the convicting court for forensic DNA testing of evidence containing
biological material. See Tex. Code Crim. Proc. Ann. arts. 64.01-.05. The motion
must be accompanied by the convicted person’s affidavit attesting to facts in support
of the motion. Id., art. 64.01(a). The convicted person is entitled to counsel during
the proceeding on the motion. Id., art. 64.01(c). Upon receipt of the motion, the
convicting court must provide a copy to the State, and it must require the State to
deliver the evidence to the court, along with a description of its condition, or to
explain in writing to the court why it cannot do so. Id., art. 64.02.
          The convicting court may order forensic DNA testing only if: (1) the court
finds that (A) the evidence still exists and is in a condition making DNA testing
possible and that it has been subjected to a chain of custody sufficient to establish that
it has not been substituted, tampered with, replaced, or altered in any material respect;
and (B) identity was or is an issue in the case; and (2) the convicted person
establishes by a preponderance of the evidence that (A) a reasonable probability
exists that he would not have been prosecuted or convicted if exculpated by DNA
evidence; and (B) the request for testing is not made for delay. Id., art. 64.03(a)(1),
(2). An appeal of the convicting court’s finding under article 64.03 is to the court of
appeals, unless the defendant was convicted in a capital case, in which case, appeal
is directly to the Texas Court of Criminal Appeals. Id., art. 64.05.
          Appellant’s affidavit alleged that evidence containing biological material still
existed and was in a condition to be tested for DNA, that the evidence had been
subject to a sufficient chain of custody, and that identity was an issue. The State’s
response included affidavits from the Harris County District Clerk’s office and the
Houston Police Department Crime Laboratory reflecting that there was no evidence
in their custody. The State’s response contained an affidavit from the Houston Police
Department (HPD) and an Evidence Record from the HPD Property Room, however,
stating that the HPD had custody of clothes and a rape kit. Both counsel for appellant
and counsel for the State appeared at the hearing on appellant’s motion. 
          The trial court determined that there was no question of identity in the case,
and it denied appellant’s motion for DNA testing. The court relied on its own
knowledge of the facts of the case, the State’s motion to dismiss, which was filed in
response to appellant’s motion, and the affidavits and records submitted in support
of that motion, as well as on the arguments of counsel. Appellant appealed, claiming
that he had a constitutional right to be present at the post-conviction DNA hearing
and to cross-examine witnesses.
           The Texas Court of Criminal Appeals has held that, in enacting article 64.05,
the Legislature intended to authorize appellate review of all of a convicting court’s
article 64.03 determinations, including both findings of fact and conclusions of law. 
Kutzner v. State, 75 S.W.3d 427, 435 (Tex. Crim. App. 2002); Cravin v. State, No. 
01-01-01166-CR, slip op. at 4 (Tex. App.—Houston [1st Dist.] Nov. 27, 2002, pet.
filed). Here appellant challenges only the constitutionality of the proceedings below. 
The constitutionality of the trial court’s interpretation of a statute is a question of law.
See State ex rel. State Dep’t of Highways & Public Transp. v. Gonzalez, 82 S.W.3d
322, 327 (Tex. 2002) (statutory construction is a legal question to be reviewed de
novo). Therefore, under article 64.05, appellant properly appealed to this court.
           In construing a statute, we try to determine and give effect to legislative intent.
Kutzner, 75 S.W.3d at 433. If the language of the statute is unambiguous, we construe
it according to its plain meaning. Id. Chapter 64 of the Criminal Code provides that
a convicted person who seeks DNA testing is entitled to counsel during a proceeding
under the chapter; and, if indigent, he is entitled to appointed counsel. Tex. Code
Crim. Proc. Ann. art. 64.019(c). His interests are further protected by the statute’s
requirement that the State deliver the evidence to the convicting court or explain why
it cannot,


 and by the provision for appellate review of the convicting court’s
determinations of law and fact.


 
          We infer from this carefully articulated statute that the legislature considered
the appropriate level of protection due the interests of convicted persons seeking
DNA testing and enacted those protections it intended to enact. As the Texas Court
of Criminal Appeals has held, “Nothing in Article 64.03 requires a hearing of any sort
concerning the trial court’s determination of whether a defendant is entitled to DNA
testing.” Rivera v. State, 89 S.W.3d 55, 58-59 (Tex. Crim. App. 2002); Cravin, No. 
01-01-01166-CR, slip op. at 7. It follows, and this court has held, that a convicted
person has no constitutional right to be present at a post-conviction DNA hearing, nor
does he have a right to cross-examine witnesses. Cravin, No. 01-01-01166-CR, slip
op. at 8. We agree that there is no constitutional infirmity in the omission of such
rights from the protections afforded a convicted person in a proceeding on a motion
for DNA testing under Chapter 64 of the Criminal Code.
          We overrule appellant’s first and second points of error.
Conclusion
          We affirm the order of the trial court.
 
 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Hedges, Keyes, and Evans.



Publish. Tex. R. App. P. 47